UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOHN M. MILLER, CIVIL NO. 01-1080 (DSD/JMM)

Plaintiff,

v. REPORT AND RECOMMENDATION

CBS BROADCASTING, INC.,
f/k/a CBS, Inc., d/b/a WCCO Radio 830,

Defendant.

The above matter came on for hearing before the undersigned on August 15, 2001 upon Plaintiff's Motion to Remand [Docket No. 5]. M. Gregory Simpson, Esq. appeared on behalf of Plaintiff; Barbara D'Aquila, Esq. appeared on behalf of Defendant. We make our decision in the form of a Report and Recommendation to the District Court, in the absence of a definitive ruling from the Court of Appeals for the Eight Circuit as to whether a Motion to Remand may be decided by a Magistrate Judge. Compare First Union Mortgage Corp. v. Smith, 229 F.3d 992 (10th Cir. 2000), and In re U.S. Healthcare, 159 F.3d 142 (3d Cir. 1998), (a remand order is case dispositive under 28 U.S.C. § 636(b), and may be decided by a magistrate judge only with the consent of the parties), with Banbury v. Omnitrition International, Inc., 818 F. Supp. 276, 279 (D. Minn. 1993) (a magistrate judge can decide a Motion to Remand pursuant to 28 U.S.C. § 636(b)(1)(A)).

**FINDINGS OF FACT/REPORT**

Plaintiff's Complaint seeks to recover damages in the approximate sum of $66,055, together with attorneys' fees and statutory penalty. Defendant removed the action to this Court, asserting diversity jurisdiction under 28 U.S.C. §1332. In order to

FILED AUG 27 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

satisfy the requirements of that statute, it is required that plaintiff and defendant be of diverse citizenship, and that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." The Motion for Remand concedes diversity, but contends that the requisite jurisdictional amount is not in dispute. The Parties also agree that the amount of the attorney's fees sought by Plaintiff may be considered in determining whether the jurisdictional amount has been satisfied.

The Parties agree upon the legal principles to be applied, and they are well known to the District Court, so extensive citation of authority is not required. It is sufficient here to quote from McNeilus Truck and Manufacturing, Inc. v. Hunt, 2001 WL 837490 (D. Minn. 2001): "'When the complaint does not allege a specific amount, the removing defendant must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional amount.' Dyrda v. Wal-Mart Stores, Inc., 41 F. Supp.2d 943, 948 (D. Minn. 1999). The removing defendant can sufficiently meet that burden by submitting proof that a plaintiff's verdict reasonably may well exceed that amount, or if, on the face of the complaint, it is apparent that the claims are likely above that amount. Gilmer v. Walt Disney Co., 915 F. Supp. 1001, 1007 (W.D. Ark.1996) (citation omitted)."

The dispute before the Court presents the factual question of whether Defendant has met its burden of demonstrating what the amount of the attorneys' fees will be. We conclude as a factual matter that Defendant has sustained its burden of showing that the attorneys' fees of Plaintiff, when added to the $66,055 in damages, will bring the total amount in controversy to more than $75,000.[1]

---

[1] There is also a claim for statutory penalty, which is for more than a nominal amount.

The record shows that Plaintiff has already incurred attorneys' fees of $3,000. Defendant has offered various methods by which it could reasonably be concluded that the attorneys' fees incurred to date are for substantially less than one-third of the total work which remains to be performed by the attorneys. On this basis alone, it is not difficult to determine that Defendant has established by a preponderance of the evidence that the attorneys' fees which are yet to be rendered to Plaintiff in this matter will result in fees well in excess of $6,000.

There is also circumstantial proof of the fact that the damages in this matter exceed $75,000. Defendant has offered to enter into a Stipulation with Plaintiff that the amount in dispute does not reach $75,000. Plaintiff has declined to enter into that Stipulation. We think it is proper to draw an inference from this the fact that, in the opinion of counsel for Plaintiff, the case does have a value which will exceed $75,000.[2]

Plaintiff seeks damages of $66,055, plus attorneys' fees. He has already incurred attorneys' fees of $3,000. We are satisfied that Plaintiff will incur additional attorneys' fees well in excess of $6,000. This sum represents no more than 40 additional hours of work if Plaintiff's counsel's fee is $150 an hour, (a rate which is on the low side of fees generally charged by attorneys of his experience appearing before this Court). In their Rule 26(f) statement, the Parties each contemplated extensive discovery: 5 depositions, 30 interrogatories, 30 document requests, 30 requests for admissions,

---

2 A lack of federal subject-matter jurisdiction cannot be waived (e.g. Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998)), so it would seem that a Stipulation by the Parties that the amount in controversy did exceed $75,000 would not provide a factual basis for asserting jurisdiction.

2 expert witnesses per side and depositions of each of the experts. Pretrial activity will likely also involve the presentation of dispositive and non-dispositive motions. Then will come the trial. It is not difficult to conclude that counsel for Plaintiff will expend substantially more than an additional 40 hours preparing this case for trial, and that this will result in total attorneys' fees in excess of $9,000.

## RECOMMENDATION

For the reasons stated, we conclude that Defendant has satisfied its burden of establishing that Plaintiff and Defendant are of diverse citizenship, and that the amount in controversy exceeds $75,000. It is recommended that Plaintiff's Motion to Remand [Docket No. 5] be denied.

Dated: August 27, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before September 12, 2001 a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before September 12, 2001.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500